**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LISA ROSE | § § § § § § | |
| *Plaintiff,* | § § § | |
| V. | § § | |
| BUREAU VERITAS NORTH AMERICA, CITY OF HOUSTON, TEXAS, AND ALEJANDRO RODRIGUEZ, | § § § § § | **CIVIL ACTION NO. 4:25-CV-02143** |
| *Defendants.* | § § | |

**DEFENDANT CITY OF HOUSTON'S PRE-ANSWER MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND
ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

Defendant, CITY OF HOUSTON, TEXAS (hereinafter "City" or "COH") now files its pre-answer motion to dismiss for failure to state a upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6) and Answer to Plaintiff's Original Petition and would respectfully show this Court as follows:

**DEFENDANT CITY OF HOUSTON'S PRE-ANSWER MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM**

**A. INTRODUCTION**

1. Plaintiff is Lisa Rose; defendant is City of Houston, Texas.

2. Plaintiff sued defendant for sexual harassment.

3. In her complaint, plaintiff did not state a claim upon which relief can be granted. Therefore, the Court should dismiss plaintiff's suit against City.

4. In her complaint, plaintiff alleged sexual harassment by a co-defendant in this action,

employed by City, but failed to allege any facts or any law that would impute liability to City as her employer. Plaintiff pleads that she was employed by a staffing agency, another co-defendant to this action, but fails to make any showing of an employment relationship, as defined by Title VII, with City.

**B. ARGUMENT**

5. A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 & n.3 (2007).

6. Plaintiff's complaint does not provide defendant with fair notice of plaintiff's claim. *Ruivo v. Wells Fargo Bank, N.A.*, 766 F.3d 87, 90–91 (1st Cir. 2014); *Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009). A complaint that provides only labels and conclusions or a formulaic recitation of the elements is insufficient to show grounds for the plaintiff to be entitled to relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 & n.3; *Brooks***, 578 F.3d at 581**. To the extent plaintiff provided a short and plain statement of the claim, she made no showing that she is entitled to relief.

7. Plaintiff's complaint includes the following conclusory statements:

- City of Houston employed predominantly male staff, with very few women in the workplace.
- City of Houston [has] a history of sexual harassment complaints and retaliation.
- During her employment, Plaintiff was subjected to disparate treatment by both Bureau Veritas and the City of Houston. Similarly situated employees that were male, were not subjected to the same or similar treatment.
- Following her complaints, Plaintiff experienced retaliation from both Bureau Veritas and the City of Houston.
- She was also subjected to repeated sexual harassment by employees of the City of Houston, including Alejandro Rodriguez, who later became her Project Manager. At all times, the harassment occurred while working for the City of Houston.

- The City of Houston also contributed to the hostile work environment by failing to address the harassment and by allowing Mr. Rodriguez to continue to work in his role and continue harassment of Plaintiff.
- The actions of Bureau Veritas and the City of Houston created a hostile work environment that severely impacted the terms and conditions of Plaintiff's employment.
- After Plaintiff's reports, the City of Houston retaliated against Plaintiff by terminating her Inspector position with the City and later filled after Plaintiff's termination. Subsequently, Plaintiff was terminated by Bureau Veritas.
- Both Bureau Veritas and the City of Houston created and encouraged a hostile work environment that materially affected Plaintiff's employment.

Because these statements are merely conclusions, they are not entitled to an assumption of truth and should be disregarded. *Iqbal*, 556 U.S. at 679; *Douglas v. Hirshon*, 63 F.4th 49, 55–56 (1st Cir. 2023); *see Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

8. Even if the above enumerated conclusory statements in Plaintiff's complaint are considered factual allegations, they still do not show a right to relief that is plausible. *Brooks*, 578 F.3d at 581–82. Even if assumed to be true, they do not show a right to relief that is more than mere speculation. *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678–79; *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Plaintiff's attempts to make out one sole cause of action against fall short. She failed to allege facts establishing a foundational predicate, an employment relationship between her and the City.

## C. CONCLUSION

9. Because plaintiff did not state a claim upon which relief can be granted, the Court should dismiss the suit.

**DEFENDANT CITY OF HOUSTON'S ORIGINAL ANSWER**

**FIRST DEFENSE**
**(Admissions and Denials)**

1.      To the extent not expressly admitted, City denies all allegations asserted by Plaintiff LISA ROSE (hereinafter "Plaintiff" or "Rose").

2.      The legal conclusions included in paragraphs 1-4, require no responsive pleading; the factual averments contained therein against City are all denied. Specifically, City would show that at all pertinent times, Plaintiff was not employed by City and thus can maintain no cause of action against Defendant City of Houston.

> **5.      At all material times hereto, Plaintiff was over the age of eighteen and Plaintiff is a female, and/or member of a protected class.**

3.      Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 5.

> **6.      At all material times hereto, Plaintiff is a member of a class protected under invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, and Ch. 21 of the Texas Labor Code, the Texas Commission Human Rights Act, because the terms, conditions, and privileges of her employment were altered because of her sex.**

4.      Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 6.

> **7.      At all material hereto, Defendant, Bureau Veritas, was an "employer" pursuant to the violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); and CH. 21 of the Texas Labor Code, and the Texas Commission on Human Rights Act since its employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.**

5.      Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 7.

**8.    At all material hereto, Plaintiff was an "employee" within the meaning of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); Texas Labor Code, and the Texas Commission Human Rights Act.**

6.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 8.

**9.    The Court has jurisdiction in this civil action because the relief is sought and because the amount in controversy exceeds $250,000, but less than $1,000,000.**

7.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 9.

**10.    The Court has jurisdiction over the Defendants because they regularly and continuously conduct business in Harris County, State of Texas. Moreover, venue is proper in Harris County, Texas pursuant to the Texas Civil Practice and Remedies Code§ 15.002, as the county in which all or substantial part of the events occurred giving rise to the claim occurred and/or in the county of the defendant's principal office in this state.**

8.    Defendant admits the allegations in paragraph 10 to the extent it pertains to City.

**11.    Plaintiff seeks monetary relief over $250,000, but not more than $1,000,000 as set forth in Rule 47(c)(4) of the Texas Rules of Civil Procedure..**

9.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 11.

**12.    Plaintiff timely filed a charge of discrimination against the EEOC and the Texas Workforce Commission and filed suit within the time proscribed by the EEOC.**

10.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 12.

**13.    All conditions precedent to jurisdiction have occurred with regard to exhaustion of administrative remedies.**

11.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 13.

**14.    Plaintiff was issued a Notice of Rights to Sue Letter on January 28, 2025, and February 13, 2025.**

12.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 14.

**15.    Plaintiff is a female that was employed by Bureau Veritas North America as a Project Administrator for approximately nine years until her termination on or about July 1, 2024.**

13.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 15.

**16.    For many years, Bureau Veritas has contracted with the City of Houston for staffing.**

14.    Defendant admits the allegation in paragraph 16 in that City has contracted with Defendant BUREAU VERITAS NORTH AMERICA, INC ("BVNA") for contract staffing with BVNA identified as the sole employer with respect to contractors it employs for City projects or work.

**17.    Both Bureau Veritas and the City of Houston employed predominantly male staff, with very few women in the workplace.**

15.    Defendant denies the allegation in paragraph 17 pertaining to City.

**18.    Both Bureau Veritas and the City of Houston have a history of sexual harassment complaints and retaliation.**

16.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 18.

**19.    During her employment, Plaintiff was subjected to disparate treatment by both Bureau Veritas and the City of Houston. Similarly situated employees that were male, were not subjected to the same or similar treatment.**

17.    Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 19.

**20.    She was also subjected to repeated sexual harassment by employees of the City of Houston, including Alejandro Rodriguez, who later became her Project Manager. At all times, the harassment occurred while working for the City of Houston.**

18.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 20.

**21.    The harassment included unwelcome sexual advances, inappropriate comments about her appearance, and unwanted physical contact of a sexually suggestive nature.**

19.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 21.

**22.    On January 17, 2024, Mr. Rodriguez made explicit and offensive remarks to Plaintiff, including expressing a desire to see her naked and making vulgar comments about her physical appearance.**

20.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 22.

**23.    The following day, Mr. Rodriguez escalated his behavior by grabbing Plaintiff's hand to make sexual gestures, which she resisted and reported.**

21.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 23.

**24.    Plaintiff reported the harassment to Bureau Veritas on multiple occasions, including a formal complaint on January 24, 2024, to Vice President Van Tran and Human Resources Representative Jessica Lassen.**

22.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 24.

**25.    Despite these reports, Bureau Veritas failed to take effective remedial action, instead directing Plaintiff to file a complaint with the City of Houston. The harassment continued with Mr. Rodriguez engaging in further inappropriate conduct, such as whispering Plaintiff's name in a seductive tone and placing his arms around her neck.**

23.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 25.

**26.    On March 4, 2024, Plaintiff was approached by City of Houston employees and questioned about her complaints, during which she expressed concerns about her safety.**

24.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 26.

**27.    Following her complaints, Plaintiff experienced retaliation from both Bureau Veritas and the City of Houston.**

25.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 27.

**28.    Bureau Veritas reduced her duties, instructed her to work from home, and ultimately terminated her employment under the pretext of eliminating her position, only to later hire another administrative assistant in her place.**

26.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 28.

**29.    The City of Houston also contributed to the hostile work environment by failing to address the harassment and by allowing Mr. Rodriguez to continue to work in his role and continue harassment of Plaintiff.**

27.    Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 29.

**30.     Additionally, Plaintiff was excluded from mandatory training sessions on sexual harassment policies, and her work activities were scrutinized in a manner designed to undermine her performance.**

28.     Defendant lacks sufficient knowledge or information to form a belief about the

truth of paragraph 30.

**31.     The actions of Bureau Veritas and the City of Houston created a hostile work environment that severely impacted the terms and conditions of Plaintiff's employment.**

29.     Defendant lacks sufficient knowledge or information to form a belief about the

truth of paragraph 31.

**32.     Despite her repeated efforts to seek resolution, including filing complaints with Bureau Veritas, the City of Houston, and its Office of Inspector General, the harassment persisted, and Plaintiff was ultimately terminated.**

30.     Defendant lacks sufficient knowledge or information to form a belief about the

truth of paragraph 32.

**33.     After Plaintiff's reports, the City of Houston retaliated against Plaintiff by terminating her Inspector position with the City and later filled after Plaintiff's termination. Subsequently, Plaintiff was terminated by Bureau Veritas.**

31.     Defendant lacks sufficient knowledge or information to form a belief about the

truth of paragraph 33.

**34.     On August 30, 2024, the City of Houston concluded its investigation, finding that Mr. Rodriguez had made inappropriate comments.**

32.     Defendant lacks sufficient knowledge or information to form a belief about the

truth of paragraph 34.

**35.     Both Bureau Veritas and the City of Houston created and encouraged a hostile work environment that materially affected Plaintiff's employment.**

33.    Defendant denies any such creation or encouragement of a hostile work environment that materially affected Plaintiff's employment as alleged in paragraph 35.

34.    The legal conclusions included in paragraphs 36-40, require no responsive pleading as there are no factual averments contained therein against City.

35.    Defendant denies all factual allegations and legal conclusions alleged in paragraphs 41-48 concerning Defendant only.

36.    The legal conclusions included in paragraphs 49-64, require no responsive pleading as there are no factual averments contained therein against City.

### DEFENSES & AFFIRMATIVE DEFENSES

37.    Defendant hereby pleads as a defense, Plaintiff's failure to meet any applicable notice or administrative filing requirements imposed by law as a pre-condition to the assertion of any claims that may be contained in this complaint.

38.    Defendant pleads that Plaintiff failed to perform all conditions precedent to the filing of this lawsuit.

39.    Plaintiff's alleged injuries were not caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by City.

40.    As soon as Defendant became aware of the alleged act that plaintiff considered discriminatory, Defendant took all immediate remedial action it could take, consistent with its policies applicable to contractors, despite not being Plaintiff's employer.

41.    Plaintiff failed to mitigate her damages.

42.    Plaintiff is not entitled to an award of prejudgment interest if she prevails on any or all of their stated claims.

43.    Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches

and/or unclean hands.

## RESERVATIONS

44.     Without waiving the foregoing denials and affirmative defenses but still insisting upon the same for further answer, if any be necessary, Defendant reserves their right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions, dispositive motions, including, but not limited to, motions for summary judgment, and discovery as Defendant may deem proper.

## JURY DEMAND

45.     City requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, City of Houston respectfully requests that this Court: (a) dismiss Plaintiff's Original petition with prejudice for failure to state a claim against the City (b) deny Plaintiff's demands and prayer for relief; (c) award City of Houston costs and reasonable attorney's fees incurred in the defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

Dated: October 31, 2025

Respectfully submitted,

ARTURO G. MICHEL
City Attorney

DEIDRA NORRIS
Section Chief, Labor, Employment, & Civil Service

By:     /s/ *N. Lucy Chukwurah*
N. LUCY CHUKWURAH
Senior Assistant City Attorney
State Bar No.24045657

Tel.: (832) 393-6309
Lucy.Chukwurah@houstontx.gov

CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-0368
Tel.: (832) 393-6457
Fax: (832) 393-6259

**ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

On October 31, 2025, pursuant to the Texas Rules of Civil Procedure, a true copy of the foregoing was served via electronic service on the following:

Phytiema Johnson, Esq.
The Law Office of P.A. JOHNSON, PLLC
14237 E. Sam Houston Parkway N., Suite 106
Houston, Texas 77044
pjohnson@pajlawfinn.com

**ATTORNEY FOR PLAINTIFF**

Oleg V. Nudelman
onudelman@littler.com
Jeremy W. Hawpe
jhawpe@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201.2931
Telephone: 214.880.8100
Facsimile: 214.880.0181

**ATTORNEYS FOR DEFENDANT**
**BUREAU VERITAS NORTH AMERICA, INC.**