UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LISA ROSE,<br>*Plaintiff*,<br><br>v.<br><br>BUREAU VERITAS NORTH AMERICA, INC., CITY OF HOUSTON, and ALEJANDRO RODRIGUEZ.<br>*Defendants.* | Civil Action No. **4:25-CV-02143** |

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF HOUSTON'S MOTION TO DISMISS**

COMES NOW, Plaintiff Lisa Rose, by and through the undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby respectfully submits this Response to Defendant City of Houston's Motion to Dismiss for Failure to State a Claim and states the following:

### I.   INTRODUCTION

Plaintiff Lisa Rose ("Plaintiff") filed her Original Petition against Defendants Bureau Veritas North America, Inc. ("Bureau Veritas"), City of Houston ("City"), and Alejandro Rodriguez ("Mr. Rodriguez"), alleging sexual harassment, assault and battery, employment discrimination, hostile work environment, and retaliation. The City of Houston has moved to dismiss Plaintiff's claims, arguing that Plaintiff failed to establish an employment relationship with the City and that her allegations are merely conclusory. As demonstrated below, Plaintiff's Complaint sufficiently states claims against the City of Houston, and the City's Motion to Dismiss should be denied.

### II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings. To survive such a motion, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rules of Civil Procedure, Rule 8; Rule 12(b)(6). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court clarified that a plaintiff's obligation is to provide enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint must contain sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). The Fifth Circuit has consistently held that motions to dismiss are disfavored and should be granted only in rare circumstances. *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) ("Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted."). When considering a motion to dismiss, the court must accept all well-pleaded facts as true and construe them in the light most favorable to the plaintiff. This standard ensures that a complaint will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.

### III.   ARGUMENT

**a) Plaintiff Has Sufficiently Alleged an Employment Relationship with the City of Houston**

The City of Houston contends that Plaintiff cannot maintain a Title VII action against it because she was not directly employed by the City. This argument fails to account for the breadth of employment relationships recognized under Title VII, which defines "employer" to include any person engaged in an industry affecting commerce with fifteen or more employees, as well as any agent of such a person. 42 U.S.C. § 2000e(b). Courts have consistently held that

this definition encompasses joint employer and agency relationships, extending liability beyond traditional direct employment.

The Fifth Circuit has recognized that a plaintiff may establish an employment relationship under Title VII through the joint employer doctrine, which considers the degree of control exercised by the alleged employer over the terms and conditions of employment. In *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007), the court explained that "the right to control an employee's conduct is the most important factor in determining whether an entity is an employer under Title VII." See also *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983) (adopting a "hybrid economic realities/common law control test" to determine employer status under Title VII). Other courts have similarly held that joint employer liability may arise where multiple entities share or co-determine matters governing essential terms and conditions of employment. See *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 67 (2d Cir. 2003).

Plaintiff's Complaint alleges facts establishing that the City of Houston may be considered her employer under the joint employer doctrine. Specifically, Plaintiff asserts that Bureau Veritas contracted with the City for staffing, that she worked on City premises, and that the alleged harassment occurred while she was working for the City. Further, Mr. Rodriguez, a City employee, served as Plaintiff's Project Manager, and City employees were involved in addressing her complaints. The City also conducted an investigation into Plaintiff's allegations and ultimately terminated her Inspector position. These facts, taken as true, demonstrate that the City exercised significant control over Plaintiff's employment conditions, sufficient to establish an employment relationship under Title VII. The City's authority to investigate complaints and terminate Plaintiff's position is indicative of its control over the terms and conditions of her employment, satisfying the requirements for employer status under federal law.

### b) Plaintiff's Allegations Are Not Merely Conclusory

The City argues that Plaintiff's allegations are conclusory and fail to provide fair notice of her claims. This assertion is contradicted by the detailed factual allegations set forth in the Complaint. Title VII prohibits discrimination against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's sex. 42 U.S.C. § 2000e-2(a). Sexual harassment is recognized as a form of sex discrimination under Title VII.

The Supreme Court has held that employment discrimination complaints need not plead specific facts establishing a prima facie case, but must provide enough detail to give the defendant fair notice of the claim and its grounds. In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002), the Court stated that "the ordinary rules for assessing the sufficiency of a complaint apply to claims of employment discrimination." The Fifth Circuit has further clarified that while conclusory allegations are insufficient, a complaint that sets forth the "who, what, when, and where" of the alleged misconduct meets the pleading standard. See *Raj v. La. State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013).

Plaintiff's Complaint includes specific factual allegations, such as explicit and offensive remarks made by Mr. Rodriguez on January 17, 2024, physical conduct on January 18, 2024, and continued harassment thereafter. Plaintiff reported the harassment to Bureau Veritas and was subsequently approached by City employees regarding her complaints. The City conducted an investigation, concluding on August 30, 2024, that Mr. Rodriguez had made inappropriate comments. These allegations are sufficiently detailed to provide the City with fair notice of the claims and to state a plausible claim for relief under the applicable pleading standards. The

Complaint sets forth the who, what, when, and where of the alleged misconduct, meeting the requirements of Federal Rules of Civil Procedure, Rule 8.

### c) Plaintiff Has Sufficiently Alleged the City's Liability for Sexual Harassment

The City of Houston asserts that Plaintiff has failed to allege facts or law that would impute liability to the City for Mr. Rodriguez's actions. This argument overlooks Plaintiff's allegations regarding the City's response to her complaints. Under Title VII, an employer may be held liable for sexual harassment if it fails to take prompt and appropriate corrective action in response to complaints. 42 U.S.C. § 2000e-2(a).

The Supreme Court has established that an employer is liable for harassment by a supervisor when the employer fails to take reasonable care to prevent and correct promptly any sexually harassing behavior. See *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). The Fifth Circuit has held that employer liability attaches where the employer knew or should have known of the harassment and failed to take effective remedial action. See *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999).

Plaintiff alleges that she reported the harassment to Bureau Veritas, which directed her to file a complaint with the City. Despite her complaints, the City failed to address the harassment, allowed Mr. Rodriguez to continue in his role, and excluded Plaintiff from mandatory training sessions on sexual harassment policies. The City ultimately retaliated against Plaintiff by terminating her Inspector position. These facts, accepted as true, establish that the City failed to take appropriate corrective action and instead retaliated against Plaintiff, creating liability under Title VII. The City's failure to remedy the harassment and its retaliatory conduct are actionable under federal law.

The City of Houston asserts that Plaintiff has failed to allege facts or law that would impute liability to the City for Mr. Rodriguez's actions. This argument overlooks Plaintiff's allegations regarding the City's response to her complaints. Under Title VII, an employer may be held liable for sexual harassment if it fails to take prompt and appropriate corrective action in response to complaints. 42 U.S.C. § 2000e-2(a). The Supreme Court has made clear that an employer is subject to liability for harassment by a supervisor when the employer fails to exercise reasonable care to prevent and correct promptly any sexually harassing behavior. See *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). The Fifth Circuit has further held that employer liability attaches where the employer knew or should have known of the harassment and failed to take effective remedial action. See *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999).

Plaintiff alleges that she reported the harassment to Bureau Veritas, which directed her to file a complaint with the City. Despite her complaints, the City failed to address the harassment, allowed Mr. Rodriguez to continue in his role, and excluded Plaintiff from mandatory training sessions on sexual harassment policies. The City ultimately retaliated against Plaintiff by terminating her Inspector position. These facts, accepted as true, establish that the City failed to take appropriate corrective action and instead retaliated against Plaintiff, creating liability under Title VII. The City's failure to remedy harassment and its retaliatory conduct are actionable under federal law.

### d) Plaintiff Has Stated Claims for Retaliation and Hostile Work Environment

In addition to her sexual harassment claims, Plaintiff has alleged retaliation and hostile work environment. Title VII prohibits employers from retaliating against employees who oppose unlawful employment practices or participate in investigations. 42 U.S.C. § 2000e-3(a). The

Supreme Court has held that a plaintiff states a claim for retaliation under Title VII by alleging that she engaged in protected activity and suffered a materially adverse action as a result. See *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Plaintiff asserts that the City retaliated against her by terminating her position after she reported harassment.

The Complaint also describes a hostile work environment, including repeated offensive conduct and exclusion from training. To state a claim for hostile work environment, a plaintiff must allege that the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of employment. See *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325 (5th Cir. 2004); *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 873 (5th Cir. 1999). These allegations, viewed in the light most favorable to Plaintiff, are sufficient to state claims for retaliation and hostile work environment under Title VII.

### IV.   The City's Motion to Dismiss Should Be Denied

For the foregoing reasons, Plaintiff has sufficiently alleged facts establishing an employment relationship with the City of Houston, provided detailed factual allegations supporting her claims, and demonstrated the City's liability for sexual harassment, retaliation, and hostile work environment. Accordingly, the City's Motion to Dismiss should be denied.

### CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant City of Houston's Motion to Dismiss. Plaintiff has alleged sufficient facts establishing an employment relationship with the City, provided detailed factual allegations supporting her claims, and demonstrated the City's liability for sexual harassment, retaliation, and hostile work

environment. Plaintiff further requests that the Court grant such other and further relief as the Court deems just and proper.

/s/ *Phytiema Johnson*
Phytiema Johnson, Esq.
Federal ID No. 3861108
Attorney for Plaintiff
The Law Office of P.A. Johnson
14237 E. Sam Houston Pkwy N.
Houston, Texas 77044
Telephone: (305)349-3012
Primary: Pjohnson@pajlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2025, I electronically served the foregoing to all counsel of record via EM/ECF as follows:

/s/ *Phytiema Johnson*
Phytiema Johnson, Esq.
Federal ID No. 3861108
Attorney for Plaintiff
The Law Office of P.A. Johnson
14237 E. Sam Houston Pkwy N.
Houston, Texas 77044
Telephone: (305)349-3012
Primary: Pjohnson@pajlawfirm.com
